JOHN HODGDON and others, appellants,

*vs.*

COUNTY COMMISSIONERS OF AROOSTOOK COUNTY.

Aroostook. Opinion May 24, 1881.

*Stat. 1879, c. 107. R. S. c. 6 § 51. Ways in unincorporated townships.*

The stat. 1879, c. 107, did not change the then existing law so as to require the committee therein provided for, to make the assessment necessary for opening a road in an unincorporated township, instead of the county commissioners. The assessment now as before the passage of that statute is to be under the provisions of R. S., c. 6, § 51.

ON EXCEPTIONS.

This was an appeal from the decision of the county commissioners of Aroostook county, laying out a way in Township Letter B, Range 2, in said county. And also from their decision apportioning the expenses of laying out said way.

The appellants claimed that under the stat. 1879, c. 107, which amends section 35 of chapter 18 of R. S., and repeals section 36, not only the question of the necessity and convenience of the way was for the consideration and determination of the committee, but that the question of the apportionment of the expenses of laying out, making and opening said way and attendant expenses was also to be submitted to their consideration and determination.

This was claimed as a matter of law. The presiding justice ruled that the amendment of the statute, made in 1879, did not change the statute which was then in existence, by which the assessment of making, opening and attendant expenses was to be apportioned by the court, and accordingly proceeded with the hearing, and confirmed the apportionment of expenses made by the county commissioners.

To the above ruling the appellants excepted.

*Madigan and Donworth*, for the appellants.

This assessment was made by virtue of the provisions R. S., c. 6, § 51. We respectfully submit that stat. 1879, c. 107, substantially repealed, or at least suspended the operation of that section.

By c. 107, upon taking an appeal to the Supreme Judicial Court "all further proceedings before the commissioners are to be stayed until a decision is made in the appellate court."

Does not this mean that the assessment shall be stayed? Any other construction would render the statutes absurd. If the assessment is to be made before the amount of the road to be built be finally ascertained and determined, it would be simply a farce. It would be to erect a superstructure first and a base afterwards. Such a construction is illogical. Laws are to be construed reasonably. *Lex semper intendit quo convenit rationi*.

We submit that c. 107 should be so construed as to avoid circuity of action to prevent useless litigation, to avoid the invocation of two tribunals, where one from the very nature of things must be better informed, and save litigating substantially the same cause twice.

WALTON, J. The question presented by the exceptions is whether the act of 1879, c. 107, changed the then existing law, so as to require the committee therein provided for, to make the assessment necessary for opening a road in an unincorporated township, instead of the county commissioners. We think it did not. The committee provided for by the act of 1879, is to view the route, hear the parties, and report whether the "judgment" of the county commissioners shall be in whole or in part affirmed or reversed. We think the "judgment" here referred to is the judgment of the county commissioners in determining whether or not the way shall be located, altered or discontinued, as prayed for in the petition to them, and not to their judgment in making the assessment necessary to open and build the road in case one is located. The act of 1879 substitutes a committee for a judge of the Supreme Court; and, in case of doubt, it is easy to see what the duties of the committee are by noticing what the duties of the judge previously were. He was to "allow, or disallow, the location, alteration or discontinuance, in whole or in part." By the act of 1879 the judgment of a committee is substituted for that of the judge. We do not think it was the intention of the legislature to change the then existing law declaring how the tax required to build a legally located way should be assessed. We think the assessment now, as before the passage of the act of 1879, is to be made under the provisions of c. 6, § 51, of the revised statutes. The presiding judge so ruled at *nisi prius*, and we think the ruling was correct.

*Exceptions overruled.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.